UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Michael Lundell,   Case No. 24-cv-567 (JWB/DJF)

    Plaintiff,

v.   **ORDER**

Associated Bank, N.A.,

    Defendant.

---

This matter is before the Court on the parties' Stipulation for Protective Order ("Stipulation") (ECF No. 18). Having reviewed the Stipulation, it is **APPROVED IN PART**,[1] and the following shall govern discovery in this matter:

1.     **Definitions.** As used in this protective order:

    (a)     "attorney" means an attorney who has appeared in this action;

    (b)     "confidential document" means a document designated as confidential under this protective order;

    (c)     to "destroy" electronically stored information means to delete from all databases, applications, and file systems so that the information is not accessible without the use of specialized tools or techniques typically used by a forensic expert;

    (d)     "document" means information disclosed or produced in discovery, including at a deposition;

    (e)     "notice" or "notify" means written notice;

    (f)     "party" means a party to this action; and

---

[1] Material modifications to the parties' proposed protective order are highlighted for ease of reference.

(g) "protected document" means a document protected by a privilege or the work-product doctrine.

**2. Designating a Document or Deposition as Confidential.**

(a) A party or non-party disclosing or producing a document may designate it as confidential if the party or non-party contends that it contains confidential or proprietary information.

(b) A party or non-party may designate a document as confidential by conspicuously marking each page with the word "confidential."

(c) Deposition testimony may be designated as confidential:

(1) on the record at the deposition; or

(2) after the deposition, by promptly notifying the parties and those who were present at the deposition.

(d) If a witness is expected to testify as to confidential or proprietary information, a party or non-party may request that the witness's deposition be taken in the presence of only those persons entitled to receive confidential documents.

**3. Who May Receive a Confidential Document.**

(a) A confidential document may be used only in this action.

(b) No person receiving a confidential document may reveal it, except to:

(1) the court and its staff;

(2) an attorney or an attorney's partner, associate, or staff;

(3) a person shown on the face of the confidential document to have authored or received it;

(4) a court reporter or videographer retained in connection with this action;

    (5)    a party (subject to paragraph 3(c)); and

    (6)    any person who:

        (A)    is retained to assist a party or attorney with this action; and

        (B)    signs a declaration that contains the person's name, address, employer, and title, and that is in substantially this form:

> I have read, and agree to be bound by, the protective order in the case captioned *Michael Lundell v. Associated Bank, N.A.*, Case No.: 24-cv-0567, in the United States District Court for the District of Minnesota. As soon as my work in connection with that action has ended, but not later than 30 days after the termination of that action (including any appeals), I will return or destroy any confidential document that I received, any copy of or excerpt from a confidential document, and any notes or other document that contains information from a confidential document.
>
> I declare under penalty of perjury that the foregoing is true and correct.

(c)    A party or non-party may supplement the "confidential" mark (see paragraph 2(b)) with the words "attorney's eyes only," in which case a confidential document so designated may not be revealed to another party.

(d)    If a confidential document is revealed to someone not entitled to receive it, the parties must make reasonable efforts to retrieve it.

**4.**    **Serving This Protective Order on a Non-Party.** A party serving a subpoena on a non-party must simultaneously serve a copy of this protective order and of Local Rule 5.6.

**5.**    **Correcting an Error in Designation.** A party or non-party who discloses or produces a confidential document not designated as confidential may, within 7 days after discovering the error, provide notice of the error and produce a copy of the document designated as confidential. The disclosing party shall not be held to have waived any rights by such prior inadvertent production. The receiving party shall promptly destroy the previously produced

documents and all copies thereof or return such together with all copies of such documents to counsel for the producing party and shall retain only the documents marked confidential.

6. **Use of a Confidential Document in Court.**

    (a)    Filing. This protective order does not authorize the filing of any document under seal. A confidential document may be filed only in accordance with LR 5.6.

    (b)    Presentation at a hearing or trial. A party intending to present another party's or a non-party's confidential document at a hearing or trial must promptly notify the other party or the non-party so that the other party or the non-party may seek relief from the court.

7. **Changing a Confidential Document's Designation.**

    (a)    Document disclosed or produced by a party. A confidential document disclosed or produced by a party remains confidential unless the parties agree to change its designation or the court orders otherwise.

    (b)    Document produced by a non-party. A confidential document produced by a non-party remains confidential unless the non-party agrees to change its designation or the court orders otherwise after providing an opportunity for the non-party to be heard.

    (c)    Changing a designation by court order. A party who cannot obtain agreement to change a designation may move the court for an order changing the designation. Prior to any such motion, the challenging party must request a "meet and confer" with the producing party to attempt to amicably resolve the challenge. If the motion affects a document produced by a non-party then, with respect to the motion, that non-party is entitled to the same notice and opportunity to be heard as a party. The

      party or non-party who designated a document as confidential must show that the designation satisfies Fed. R. Civ. P. 26(c). The documents at issue shall continue to be treated in accordance with their original designation and subject to the provisions of this protective order pending determination of the Court of the merits of any challenge.

**8. Handling a Confidential Document after Termination of Litigation.**

    (a)    Within 60 days after the termination of this action (including any appeals), each party must:

        (1)    return or destroy all confidential documents; and

        (2)    notify the disclosing or producing party or non-party that it has returned or destroyed all confidential documents within the 60-day period.

    (b)    Notwithstanding paragraph 8(a), each attorney may retain a copy of any confidential document submitted to the court.

**9. Inadvertent Disclosure or Production to a Party of a Protected Document.**

    (a)    Notice.

        (1)    A party or non-party who discovers that it has inadvertently disclosed or produced a protected document must promptly notify the receiving party and describe the basis of the claim of privilege or protection. If the party or non-party provides such notice and description, the privilege or protection is not waived.

        (2)    A party who discovers that it may have received an inadvertently disclosed or produced protected document must promptly notify the disclosing or producing party or non-party.

5

    (b)    Handling of Protected Document. A party who is notified or discovers that it may have received a protected document must comply with Fed. R. Civ. P. 26(b)(5)(B).

10. **Security Precautions and Data Breaches.**

    (a)    Each party must make reasonable efforts to protect the confidentiality of any confidential document disclosed or produced to that party.

    (b)    A party who learns of a breach of confidentiality must promptly notify the disclosing or producing party or non-party of the scope and nature of that breach and make reasonable efforts to remedy the breach.

11. **Survival of Obligations.**  The obligations imposed by this protective order survive the termination of this action.

12. **Gramm Leach Bliley Act.**  The confidential documents, to the extent they are or contain non-public personal information (NPI) as defined in the Gramm Leach Bliley Act (GLBA) and its implementing regulations, are or will be produced to respond to judicial process, as contemplated in the GLBA and its implementing regulations, ==to the extent the producing party reasonably believes such documents fall within the scope of discovery pursuant to Fed. R. Civ. P. 26==.  Further, to the extent the confidential documents are or contain NPI as defined in the GLBA and its implementing regulations, Plaintiff consents to their disclosure to the Court and all parties in this litigation.

13. **No Waiver.**  Nothing in this protective order shall be construed as a waiver of the right to challenge the competency, relevance, materiality, and admissibility of any confidential documents at trial or at any subsequent proceeding of this or any other action.  Nothing in this protective order should be construed to alter, waive, modify, or abridge any right, privilege, or protection otherwise available to any party with respect to the discovery of

6

matters, including but not limited to any party's right to assert the attorney-client privilege, the attorney work product doctrine, or other privileges, or any party's right to contest any such assertion.

14. **Duties in Response to a Subpoena**. If any person subject to this protective order who has custody of any confidential documents receives a subpoena or other process ("Subpoena") from any government or other person or entity demanding production of such materials, the recipient of the Subpoena shall promptly give notice of the same by electronic mail transmission, followed by either express mail or overnight delivery to counsel of record for the designating party, and shall furnish such counsel with a copy of the Subpoena. Upon receipt of this notice, the designating party may, in its sole discretion and at its own cost, move to quash or limit the Subpoena, otherwise oppose production of the confidential documents, and/or seek to obtain confidential treatment of such materials from the subpoenaing person or entity to the fullest extent available under law. The recipient of the Subpoena may not produce any confidential documents pursuant to the Subpoena prior to the date specified for production on the Subpoena.

**SO ORDERED.**

Dated: July 17, 2024

*s/ Dulce J. Foster*
Dulce J. Foster
United States Magistrate Judge